IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRISTOBAL MIGUEL GONZALEZ-
AGUILERA,

                                    Case No. 2:14-cv-00325-SI

        Petitioner,

                                    OPINION AND ORDER

    v.

MARK NOOTH,

        Respondent.

    Michelle A. Ryan
    Law Office of Michelle A. Ryan, LLC
    3050 SE Division Street, Suite 225
    Portland, OR 97202

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent


1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Assaulting a Public Safety Officer. Because petition failed to timely file his Petition for Writ of Habeas Corpus (#2), the Petition is dismissed.

## BACKGROUND

In 2008, petitioner pleaded no contest to two counts of Assaulting a Public Safety Officer in Multnomah County. As a result, the Multnomah County Circuit Court sentenced petitioner to consecutive prison sentences totaling 60 months. Respondent's Exhibit 101. Petitioner's judgment is dated September 23, 2008.

Petitioner did not take a direct appeal, and instead, on June 5, 2010, he filed for post-conviction relief ("PCR") in Marion County where he raised two claims of ineffective assistance of counsel. Respondent's Exhibit 104. Although petitioner's PCR action was timely under Oregon's two-year statute of limitations, by the time he filed his PCR action, the one-year statute of limitations applicable to federal habeas corpus cases had already expired.

Petitioner appeared by telephone for two hearings with the PCR court and hung up on the judge during each hearing. The PCR court dismissed the case for failure to prosecute based upon petitioner's "'rudeness to the Court, and his desire to disconnect when the Court rules against him after hearing his

legal argument."[1]  *Gonzalez-Aguilera v. Premo*, 274 Or. App. 484, 487 (2015).   Upon reconsideration, the PCR court adhered to its decision, and petitioner appealed.  *Id* at 489.   In a written opinion, the Oregon Court of Appeals affirmed the PCR court's dismissal for failure to prosecute, and the Oregon Supreme Court denied review.   *Id, rev. denied,* 358 Or. 611, 369 P.3d 386 (2016).

Petitioner filed this federal habeas corpus case on February 26, 2014.  Petitioner concedes that he did not file this action within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations, but claims that equitable tolling is appropriate given the unique facts of this case.

## DISCUSSION

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling.  *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001).  Petitioner bears the

---

[1]  The PCR court also provided an alternative basis for dismissal as to one of petitioner's two ineffective assistance of counsel claims, namely that petitioner failed to satisfy the attachment requirements of ORS 138.580.  *Gonzalez-Aguilera,* 274 Or. App. at 489.

burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner's primary contention is that his mental incompetence justifies equitable tolling in this case. Mental incompetence can support equitable tolling if the incompetence in fact caused him to fail to meet the AEDPA filing deadline. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). The court must assess petitioner's ability to "do by himself the two functions involved in complying with the AEDPA filing deadlines—*i.e.,* understand the need to file within the limitations period, and submit a minimally adequate habeas petition. . . ." *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010). The court must also "evaluate the petitioner's diligence in seeking assistance with what he could not do alone." *Id.* Accordingly, before the court invokes equitable tolling, it should:

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

*Id* at 1100-01.

Petitioner claims that he was suffering from severe mental illness and intellectual disability between the time his

Multnomah County judgment issued, and the date on which he filed this habeas corpus case.    To support his mental impairment contention, petitioner provides the court with a variety of sealed documents for its review.  He maintains that his cognitive limitations rendered him unable to rationally or factually understand the need to timely file his petition.  He submits documentary evidence that he was suffering from schizoaffective disorder and acute psychosis, and that he has a full scale IQ of 67 placing him in the range of the intellectually disabled. Petitioner's Exhibit 101.

The court has reviewed petitioner's sealed submissions and finds that plaintiff does, in fact, suffer from a severe mental impairment.    The court must next determine whether, under the totality of the circumstances, petitioner's severe intellectual impairment made it impossible for him to timely file this case.

According to the psychologist petitioner retained to perform a competency evaluation for purposes of this case, petitioner was acutely psychotic in 2009 and he had a diagnosis of schizoaffective disorder "by 2009 that at times went untreated." Petitioner's Exhibit 101, p. 11.   The psychologist opines that petitioner's level of competence generally "waxed and waned" from October 2008 through February 2014.   Id.

As respondent notes, despite petitioner's documented mental impairments, he was able to file four habeas corpus petitions in state court, and one federal civil rights action during the time the AEDPA's one-year statute of limitations was running. Response (#21), pp. 5-6 (listing cases).   Petitioner asserts that

5 - OPINION AND ORDER

while his litigation history clearly shows he is able to file documents with the court, "the vast majority of these filings were either not timely or not properly filed and dismissed." Memo in Support (#50), p. 8.   It does not appear that any of the cases filed in the year following his convictions in Multnomah County were dismissed as untimely.   The court can only tell that petitioner moved to voluntarily dismiss one of his state habeas actions, Judge Owen M. Panner entered a Motion for Summary Judgment against him in his federal civil rights case, and that the State prevailed on motions to dismiss in the other three state habeas actions.   See Respondent's Exhibits 114-117, 120.

The record also reveals that petitioner was able to file a timely state PCR challenge to the convictions he challenges here. Respondent's Exhibit 104.   Where petitioner was able to file a timely PCR case, and where he filed five state and federal cases while the AEDPA's statute of limitations was running, his mental illness did not make it impossible for him to timely file this case.   See Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005) (litigant's ability to prepare and file state court petitions illustrates his ability to file a federal habeas petition during the same time); Sanford v. Soto, 617 F.3d. Appx. 767, 768 (9th Cir. 2015) (filing of three state habeas cases shows petitioner's ability to file a federal habeas action).

In addition, during the pendency of the timely PCR challenge, petitioner filed his first federal habeas corpus action arising from the convictions at issue in this case.   See Gonzalez-Aguilera v. Premo, Case No. 6:11-cv-01058-SI.   At the

6 - OPINION AND ORDER

same time, he filed a proper, complete Application for Leave to Proceed *In Forma Pauperis* as well as a Motion for Appointment of Counsel. The court appointed the Federal Public Defender to represent petitioner in that action (later substituting CJA counsel). A review of the filings shows that they were much more than "minimally adequate."

While the court would later determine petitioner's case to be premature,[2] the filing of these documents is further evidence of his ability to timely file a federal habeas case. Specifically, petitioner filed these documents while under the same mental impairment he claims made it impossible for him to file such documents earlier. Although petitioner requested that the forensic mental health evaluation he commissioned for purposes of this case specifically exclude the period of time in which he filed his first federal habeas corpus case, Petitioner's Exhibit 101, p. 10, it is apparent that petitioner's severe mental impairment is not new, nor did it exist only while the AEDPA's statute of limitations was running. As he outlines in his supporting memorandum, evidence of his severe mental impairment was recognizable early in his life when he was diagnosed during his youth with childhood schizophrenia and "dull normal or borderline intellectual abilities," and found to be "'borderline mentally retarded' with possible organic brain damage" in 1987. Reply (#50), p. 2.

---

[2]   Although not a basis for the dismissal, the case would also have been untimely.

Despite these obstacles, petitioner was able to: (1) file four state habeas corpus actions and one federal civil rights case during the time the AEDPA's statute of limitations was running; (2) request counsel and file his first federal habeas corpus case in 2011, a filing that was more than "minimally adequate;" and (3) timely file for state collateral relief in the form of a PCR action challenging his underlying convictions on the basis of ineffective assistance of counsel. *See Bills*, 628 F.3d at 1090 (relevant inquiry into the totality of the circumstances includes whether the mental impairment "interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure"). Based upon the totality of this filing history, including petitioner's repeated ability to ask for and receive counsel in federal court, it is difficult for him to assert that his longtime severe mental impairment made it impossible for him to file this case in a more expeditious manner. Instead, petitioner failed to timely file this case because he did not diligently pursue his claims when he waited more than one year to begin pursuit of his state PCR remedy, thereby forfeiting his ability to seek federal habeas relief.

Petitioner also asserts that equitable tolling is appropriate because he was without access to his legal materials for approximately one month in 2010 while he was housed at the Oregon State Correctional Institution, and that he was unable to use the law library at the Oregon State Prison because was in placed in segregated housing. It is not clear that petitioner's

brief prison transfer and his placement in segregated housing constitute "extraordinary circumstances" in the prison setting. *See Soto v. Lopez*, 575 Fed. Appx. 740 (9th Cir. 2014) (describing lack of access to legal materials and the law library due to administrative segregation and a prison transfer as "ordinary prison limitations"); *see also Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (limitation on access to legal materials for prisoners in segregated housing does not constitute extraordinary circumstance). Even assuming they do, petitioner fails to establish how these circumstances made it impossible for him to timely file this case, especially where he was able to file five other lawsuits in state and federal court. Accordingly, equitable tolling is not appropriate to excuse petitioner's untimely filing.[3]

///

///

///

///

///

///

///

///

///

---

[3]   Even if petitioner had timely filed this case, where the PCR court dismissed his case for failure to prosecute, the ineffective assistance of counsel claims he seeks to litigate here would be procedurally defaulted.   *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (requiring fair presentation of claims in state court).

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed. The court does, however, issue a Certificate of Appealability as to whether petitioner is entitled to equitable tolling of the AEDPA's statute of limitations on the basis of his mental impairment.

IT IS SO ORDERED.

DATED this 19th day of December, 2016.

Michael H. Simon
United States District Judge

10 - OPINION AND ORDER